AO 106A (08/18) Application for a Warrant by Telephone or Other Reliable Electronic Means

**FILED**
UNITED STATES DISTRICT COURT
LAS CRUCES, NEW MEXICO

MAR 04 2022

MITCHELL R. ELFERS
CLERK OF COURT

# UNITED STATES DISTRICT COURT
for the
District of New Mexico

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*

Gray Samsung cellular smart phone possessed by Erik Aron Garcia on February 21, 2022 at NM Highway 9, Mile Marker 137 (Subject Telephone #1)

Case No. 22-362 mr

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A-1, attached and fully incorporated herein.

located in the _____ District of _____ New Mexico _____, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B, attached and fully incorporated herein.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
  ☑ evidence of a crime;
  ☐ contraband, fruits of crime, or other items illegally possessed;
  ☑ property designed for use, intended for use, or used in committing a crime;
  ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. 1324 | Conspiracy to Transport Illegal Aliens |

The application is based on these facts:
See Attachment C, attached and fully incorporated herein.

  ☑ Continued on the attached sheet.
  ☐ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

/s/ *Applicant's signature*

Ryan Beck, HSI Special Agent
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephonically sworn and electronically signed. *(specify reliable electronic means)*

Date: 3/4/22

/s/ *Judge's signature*

City and state: Las Cruces, New Mexico

Gregory J. Fouratt, United States Magistrate Judge
*Printed name and title*

## ATTACHMENT A-1

### PROPERTY TO BE SEARCHED

The affidavit, *see* **Attachment C**, is submitted in support of the warrant to search and seize information, more fully described in **Attachment B**, contained in the following electronic device (referred to in **Attachment B** and **Attachment C** as Subject Telephone #1):

### Subject Telephone #1

Subject Telephone #1 is described as a gray Samsung cell phone. It was seized by agents from Erik Aron GARCIA at the time of his detention on February 21, 2022. Subject Telephone #1 is currently located at the HSI office in Las Cruces, New Mexico and is depicted below:

 

(Photographs of the Subject Telephone #1)

Page **1** of **1**

## ATTACHMENT B

## PARTICULAR THINGS TO BE SEIZED/INFORMATION TO BE RETRIEVED

The particular things to be seized include all records, in whatever format, stored on Subject Telephone #1 and Subject Telephone #2 as described in **Attachment A-1 and Attachment A-2**, respectively, that are related to violations of 8 U.S.C. § 1324 by Erik Aron GARCIA and Jesus GONZALEZ-Diaz, including:

1. Digital, cellular, direct connect, and/or other phone numbers, names, addresses, and other identifying information of transporters, co-conspirators, and other associates of the user of Subject Telephone #1 and Subject Telephone #2;

2. Digital, cellular, direct connect, and/or other phone numbers dialed from, which contacted, or which are otherwise stored on Subject Telephone #1 and Subject Telephone #2, along with the date and time each such communication occurred;

3. Text message logs and text messages whether sent from, to, or drafted on Subject Telephone #1 and Subject Telephone #2, along with the date and time each such communication occurred;

4. Message logs and messages sent from, to, or drafted on, Subject Telephone #1 and Subject Telephone #2, through applications such as Facebook, WhatsApp, Snapchat, etc., along with the date and time each communication occurred;

5. The content of voice mail messages stored on Subject Telephone #1 and Subject Telephone #2, along with the date and time each such communication occurred;

6. Photographs or video recordings stored on Subject Telephone #1 and Subject Telephone #2;

7. Information relating to the schedule, whereabouts, or travel of the user of Subject Telephone #1 and Subject Telephone #2;

8. Information relating to other methods of communications utilized by the user of Subject Telephone #1 and Subject Telephone #2, as well as stored on Subject Telephone #1 and Subject Telephone #2;

9. Bank records, checks, credit card bills, account information and other financial records stored on Subject Telephone #1 and Subject Telephone #2; and

10. Evidence of user attribution showing who used or owned Subject Telephone #1 and Subject Telephone #2, such as logs, phonebooks, saved usernames and passwords, documents, and internet browsing history.

## ATTACHMENT C

## AFFIDAVIT IN SUPPORT OF ORDER AUTHORIZING SEARCH WARRANT FOR SUBJECT TELEPHONE #1 AND #2

Your Affiant, Ryan Beck, having been duly sworn, does hereby depose and say:

1. I am a Special Agent of Homeland Security Investigations (HSI) assigned to the Office of the Assistant Special Agent in Charge, Las Cruces, New Mexico. As a Special Agent, I am empowered by Title 8 of the United States Code to effect arrests, searches, and seizures for violations of the federal immigration laws. I have been a Special Agent since September 2020. In addition, I served as a police officer certified through the state of New Mexico from June 2012 through September 2020. Since my tenure with HSI, I have received specialized training on the subject of human smuggling and have been personally involved in investigations concerning the subject matter.

2. I am familiar with the facts and circumstances of this investigation as a result of my personal participation in the investigation, discussions with other law enforcement officers who were involved in the investigation, and a review of reports written by other law enforcement officers concerning the investigation.

3. Through my training and experience, I know that human smugglers often maintain one or more cellular or "smart" telephones ("devices") which they utilize to further their human smuggling. Human smugglers use these devices to communicate operational directives and information concerning the conduct of the organization's illegal activities to other organization members, including their coordinators, transporters, and other co-conspirators. I know based upon my training and experience that timely communication of information between organizational members is critical to the overall success of an organization's illegal activities. The critical nature of this information is derived from the necessity of the organization's management to provide instructions for the entry, housing, care, and transportation of smuggled humans, as well as the subsequent laundering of the proceeds of these illegal activities.

4. I further know from my training and experience, that a cache of information including dialed, received, or missed calls and text messages sent, received or placed in draft status, can be found on these devices. I know that the identities and telephone numbers of other participants in the human smuggling activity are maintained in the contact lists of these devices. In my experience, human smugglers also use these devices to take and store photographs or video recordings of themselves with their co-conspirators and with contraband including narcotics, currency and firearms. Human smugglers also use the GPS or location applications of these devices, which can reveal their whereabouts when they conducted or arranged human smuggling related activities or travel. In addition, human smugglers also use these devices to store information related to the financial transactions that occur during the course of their human smuggling, such as financial accounts and transactions. In my experience, the

devices used by human smugglers often contain evidence relating to their smuggling activities including, but not limited to, contact lists, lists of recent call activity, stored text and voice mail messages, messages transmitted through applications, photographs and video recordings, GPS and location information, and financial accounts and records.

5. The following information is based upon my personal knowledge as well as information provided by other federal, state or local officers and is presented as probable cause to search a gray Samsung cellular smart phone (hereafter referred to as "Subject Telephone #1") and a white Samsung cellular smart phone (hereafter referred to as "Subject Telephone #2"). Subject Telephone #1 was in the possession of Erik Aron GARCIA at the time of his encounter by the United States Border Patrol on February 21, 2022 and was thereafter seized. Subject #2 was in the possession of Jesus GONZALEZ-Diaz at the time of his encounter by the United States Border Patrol on February 21, 2022 and was thereafter seized.

6. Because this affidavit is being submitted for the limited purpose of establishing probable cause, I have not included each and every known fact regarding the instant investigation. More specifically, I have set forth only pertinent facts that I believe are necessary to establish probable cause to search Subject Telephone #1 and Subject Telephone #2 for evidence of violations of 8 U.S.C. § 1324.

7. The request to search Subject Telephone #1 and Subject Telephone #2 is based on the following facts:

    a. On February 21, 2022, United States Border Patrol agents from Santa Teresa, New Mexico were conducting surveillance in the area of NM Highway 9, mile marker 125 west of Santa Teresa when they observed a group of subjects emerging from the desert area south of their location.

    b. After agents relocated east of mile marker 125, they observed three vehicles traveling in tandem westbound on Highway 9. One of the vehicles was a black Ford Crown Victoria and another was a gray Chevrolet Express 1500 van. Both vehicles were displaying temporary Maryland license plates. Agents were aware that the Crown Victoria had previously been used in a human smuggling incident in the area earlier that month. In that earlier incident, individuals used the Crown Victoria and another vehicle to drop that other vehicle off at a location where it was later used to transport illegal aliens (IAs).

    c. Several minutes later, agents observed the Crown Victoria traveling eastbound on Highway 9. They conducted an immigration stop of the vehicle near mile marker 137, where they identified the driver of the vehicle as Erik Aron GARCIA and the passenger as Jesus GONZALEZ-Diaz.

    d. Around the same time, agents observed the gray Chevrolet Express 1500 traveling eastbound on Highway 9, driven by Jesus Uriel Robles-Rivera, an IA

whom agents had also encountered earlier in the month during a failed human smuggling incident. Agents conducted an immigration stop of the van near mile marker 139 and confirmed the van's driver to be Robles-Rivera.

e. Inside the van with Robles-Rivera were 27 additional IAs from Mexico who did not possess immigration documents allowing them to remain in the U.S. legally. Robles-Rivera and the passengers were detained for further questioning.

f. Additionally, GARCIA and GONZALEZ-Diaz were detained for further questioning.

g. During a post-Miranda interview, Robles-Rivera stated he was recruited by an acquaintance in Mexico to guide IAs through the desert in Mexico, over the international border fence into the U.S., and into a vehicle staged near NM Highway 9, at which point Robles-Rivera was to drive to Interstate 10 before receiving further instructions on where to transport the IAs.

h. Robles-Rivera stated he and approximately 30 to 40 IAs climbed over the international border fence that morning into the U.S. and met with two individuals who were waiting with radios. Robles-Rivera said that radios and cell phones were used to coordinate a vehicle to be dropped off for Robles-Rivera to transport the IAs in.

i. Robles-Rivera stated he received word from the two individuals with radios that the van was being dropped off, at which point Robles-Rivera and the IAs ran towards the van. While running toward the van, Robles-Rivera said he observed that the van was dropped off by two male subjects who departed in a black car.

j. Robles-Rivera provided agents with consent to search a black LG cell phone that was in his possession at the time of his arrest. According to Robles-Rivera, the cell phone was provided to him by the human smuggling organization that hired him.

k. While searching the LG cell phone, agents observed that the call history log featured only two phone calls, which were dialed less than one hour prior to Robles-Rivera's arrest and around the approximate time frame that the black Crown Victoria and the gray Chevrolet Express van were in the same area where Robles-Rivera was apprehended.

l. GARCIA was read his *Miranda* rights and declined to speak without an attorney present. He also declined to provide agents with consent to search his phone.

m. GONZALEZ-Diaz was read his *Miranda* rights and declined to speak without an attorney present. He also declined to provide agents with consent to search his phone.

n. Subject Telephone #1 was found in GARCIA's possession at the time of the incident and he claimed ownership of it. Subject Telephone #2 was found in GONZALEZ-Diaz's possession at the time of the incident and he claimed ownership of it.

o. Based on my training and experience, alien smugglers typically will possess one or more phones to conduct their illicit activity. It is also common for alien smugglers to attempt to conceal and separate information regarding their illicit activity on multiple phones.

p. Based on the above information, there is probable cause to believe that evidence of violations of 8 U.S.C. § 1324 are located in Subject Telephone #1 and Subject Telephone #2. Therefore, I respectfully request that this Court issue a search warrant for Subject Telephone #1, more particularly described in Attachment A-1, authorizing the seizure and examination of the items described in Attachment B. Additionally, I respectfully request that this Court issue a search warrant for Subject Telephone #2, more particularly described in Attachment A-2, authorizing the seizure and examination of the items described in Attachment B.

Dated this __3__ day of March, 2022.

Ryan Beck
Special Agent
Homeland Security Investigations

Electronically submitted and telephonically sworn to before me this __4th__ day of March 2022.

Gregory J. Fouratt
United States Magistrate Judge